IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Nathaniel McKnight, #0285707, ) | |
| ) | C/A No.: 3:06-0986-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| NFN Anderson, Lieutenant at Florence ) | |
| County Detention Center; NFN Scott, ) | |
| Officer at Florence County Detention ) | |
| Center; and NFN Reed, Officer at ) | |
| Florence County Detention Center, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Joseph Nathaniel McKnight is a pretrial detainee housed at the Florence County Detention Center (FCDC). Defendants are officers at FCDC. Plaintiff, appearing pro se, brings this complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A and the Prison Litigation Reform Act of 1996. The Magistrate Judge issued a Report and Recommendation on April 21, 2006 in which he recommended that the complaint be summarily dismissed to allow Plaintiff to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff filed a response to the Report and Recommendation on April 28, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). Plaintiff's response, in relevant part, reads as follows:

> When I said I didn't file a grievance report I was talking about the chair and the naked issue. That because I was able to be seen. Now I did file a grievance report about the mase issue and that I did not receive any respond from the captain.

Entry 8, p. 1 (unnumbered).[1]

Plaintiff's response does not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. The court need not conduct a de novo review when a party makes only general and conclusory objections. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, the court has thoroughly reviewed the record and concurs in the Report and Recommendation of the Magistrate Judge. The court incorporates the Report and Recommendation by reference. The case is summarily dismissed to allow Plaintiff to exhaust his administrative remedies as mandated by § 1997e(a).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

May 19, 2006

Columbia, South Carolina

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

---

[1] The remainder of Entry 8 contains new allegations that appear to be identical to those asserted in McKnight v. Brunson, C/A No. 3:06-1413-MBS. These new allegations will be addressed in the McKnight v. Brunson case and not herein.